IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **SANDY CITY,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**AMANDA REYNOLDS,**<br><br>　　　　　**Defendant.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:21-cv-00310-DAK-JCB**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

　　　　District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is pro se Defendant Amanda Reynolds's ("Ms. Reynolds")[2] notice of removal.[3]  Based upon the analysis set forth below, the court recommends summary remand of this action.

## BACKGROUND

　　　　The genesis of this action is a criminal case the Sandy City Attorney's Office brought against Ms. Reynolds in the Sandy City Justice Court, Salt Lake County, State of Utah.  Ms. Reynolds was charged in December 2019 with: (1) an infraction for failure to stay in one lane

---

[1] ECF No. 6.

[2] Because Ms. Reynolds admits that she is a licensed attorney, the court is not required to liberally construe her pro se filings.  *In re Hook*, 816 F. App'x 269, 270 (10th Cir. 2020) ("Although Hook is proceeding pro se, we do not afford her filings the liberal construction ordinarily given to pro se pleadings because she is an attorney.").

[3] ECF No. 2.

under Utah Code Ann. § 41-6a-710(1); (2) an infraction for speeding under Utah Code Ann. § 41-6a-601; and (3) a class B misdemeanor for driving under the influence of alcohol and/or drugs under Utah Code Ann. § 41-6a-502.  Ms. Reynolds subsequently removed that case to this court.[4]  In her notice of removal, Ms. Reynolds relies upon 28 U.S.C. §§ 1331, 1441, and 1446 as the bases for removal.

## ANALYSIS

The court should summarily remand this action because: (I) Ms. Reynolds cannot establish that the court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1441, or 1446 because those statutes govern removal of civil actions, not criminal actions, brought in state court; and (II) even if Ms. Reynolds had relied upon the relevant statutes governing removal of state criminal actions, this action is not removable.  The court addresses each of those issues in turn below and, thereafter, recommends summary remand of this action.

I.  **Ms. Reynolds Cannot Establish That the Court Has Subject Matter Jurisdiction Over This Action Under 28 U.S.C. §§ 1331, 1441, or 1446.**

Ms. Reynolds cannot establish that the court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1441, or 1446.  "Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings . . . ."[5]  To that end, in removed cases, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

---

[4] *Id*.

[5] *Tafoya v. U.S. Dep't of Just., L. Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984).

28 U.S.C. § 1441(a) allows the removal of "any *civil action* brought in a State court of which the district courts of the United States have *original jurisdiction*."[6]  As the basis for this court's subject matter jurisdiction, Ms. Reynolds relies upon 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all *civil actions arising under the Constitution, laws, or treaties of the United States*."[7]  28 U.S.C. § 1446 governs the procedure for removing state civil actions to federal court.  Unquestionably, 28 U.S.C. §§ 1331, 1441, and 1446 cannot provide a basis for this court's subject matter jurisdiction over this action because the removed action originated as a criminal prosecution not as a civil action.  Furthermore, the underlying state action was initiated for violations of state law not federal law.  Thus, given the criminal nature of the state action, Ms. Reynolds cannot establish that this court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1441, or 1446, which requires remand under 28 U.S.C. § 1447(c).

II. **This Action Is Not Removable Under the Relevant Statutes Governing Removal of State Criminal Actions.**

Even if the court assumes that Ms. Reynolds had cited the statutes governing removal of state criminal actions, this action is not subject to removal.  State criminal actions are properly removable only under 28 U.S.C. §§ 1442, 1442a, or 1443.  As shown below, this action is not removable under any of those sections.

---

[6] (Emphasis added).

[7] (Emphasis added).

First, 28 U.S.C. § 1442 governs removal of state criminal actions against federal officers or agencies. Because Ms. Reynolds does not allege that she is a federal officer, that section does not apply here.

Second, 28 U.S.C. § 1442a allows "a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war" to remove a state criminal prosecution to federal court. Ms. Reynolds maintains neither that she is a member of the armed forces nor that she acted under the color of her office as a military servicemember. Therefore, that section is inapplicable here.

Third, 28 U.S.C. § 1443(1) permits a defendant in a state criminal action "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" to remove the action to federal court. Removal under that section must satisfy a two-pronged test.[8] "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality."[9] Second, the defendant must be unable to enforce the specified federal rights in the state court.[10] Because Ms. Reynolds does not make any allegations of racial discrimination, section 1443(1) does not allow removal.

---

[8] *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

[9] *Id.* (quotations and citation omitted).

[10] *Id.*

Finally, 28 U.S.C. § 1443(2) allows a defendant to remove a state criminal action arising from "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." That provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."[11] Ms. Reynolds's notice of removal does not contain any allegations that would implicate section 1443(2). Consequently, even if Ms. Reynolds had relied upon any of the foregoing statutory provisions as a basis for removal, this action would not be removable.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that this action be summarily remanded. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[12] The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it.[13] Failure to object may constitute waiver of objections upon subsequent review.

DATED June 21, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[11] *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966).

[12] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[13] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).